

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 2-09-356-CR

MARCUS DEKHIREY EVANS                                                APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Marcus Dekhirey Evans pled guilty to aggravated robbery with a deadly weapon, and the trial court sentenced him to eighteen years' confinement. Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet

---

[1]*See* Tex. R. App. P. 47.4.

the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3] Appellant also filed a pro se response to the *Anders* brief, challenging the voluntariness of his plea and alleging ineffective assistance of his trial counsel. We note that there is no reporter's record of the guilty plea hearing and that no motion for new trial appears in the clerk's record.[4]

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[5] Only then may we grant counsel's motion to withdraw.[6]

Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[4]*See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) ("In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (indicating that claims of ineffective assistance of counsel are normally best left for habeas corpus proceedings.).

[5]*See Stafford*, 813 S.W.2d at 511.

[6]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

his plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.[7]

We have carefully reviewed counsel's brief, Appellant's response, the State's letter brief, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal.[8] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 30, 2010

---

[7]*See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

[8]*See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).